MERRITT, Circuit Judge,
concurring.
I agree with my colleagues that the sentence imposed on Love was procedurally unreasonable, thus requiring a remand. I write separately, however, because I believe that the majority’s prescription for calculating Love’s sentence on remand does not sufficiently protect the defendant’s Sixth Amendment jury trial right.
As I have said in many other cases, I do not agree that the sentencing judge or the courts of appeals are empowered after the Blakely-Booker-Cunningham line of cases to make findings of fact beyond the facts of the jury verdict or guilty pleas — new fact findings that ratchet up the sentence. See, e.g., United States v. Thompson, 515 F.3d 556 (6th Cir.2008); United States v. Phinazee, 515 F.3d 511 (6th Cir.2008). Indeed, as the Supreme Court explained in Cunningham v. California, “under the *895 Sixth Amendment, any fact that exposes a defendant to a greater potential sentence must be found by a jury, not a judge.” 549 U.S. 270, 127 S.Ct. 856, 863-64, 166 L.Ed.2d 856 (2007) (emphasis added).
In this case, the government charged the defendant with conspiracy to distribute more than five kilograms of cocaine. But the jury, following the instructions of the trial judge, did not make any findings regarding drug quantity in reaching its guilty verdict in abstentia. Absent additional facts found by the jury or admitted by the defendant, therefore, the defendant would be subject to a base offense level of 12 and a statutory maximum of 20 years under 21 U.S.C. § 841(b)(1)(C). See U.S. Sentencing Guidelines Manual § 2Dl.l(c) (2006). Here, we have such an admission by the defendant. At the sentencing hearing in 2006, defense counsel urged the court to reject the government’s contention that the defendant was responsible for 150 to 500 kilograms of cocaine, but conceded that the defendant was responsible for an amount of cocaine equivalent to a base offense level of 34 (ie. 15 to 50 kilograms). See Joint Appendix at 427-28; U.S. Sentencing Guidelines Manual § 2Dl.l(c) (2006). Consequently, on remand the district court judge may consider this amount in imposing a sentence “sufficient, but not greater than necessary” to comply with the sentencing factors elaborated in § 3553(a).